1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10 | ROBERT CLARK, individually and on
behalf of all others similarly situated,

11

12 | Plaintiff

13 | v.

14 | WHITEPAGES, INC, a Delaware
corporation,

15

16 | Defendant.

CASE NO.

**NOTICE OF REMOVAL**

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL - 1
CASE NO.:

**GOLDFARB & HUCK**
**ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1

2

TO:          THE CLERK OF THE COURT;

AND TO:      ALL PARTIES AND THEIR COUNSEL OF RECORD.

3

4          PLEASE TAKE NOTICE that, for the reasons set forth below, defendant Whitepages,

5 Inc. ("Whitepages"), removes this civil action, *Robert Clark v. Whitepages, Inc.*, Case No. 25-2-

6 11215-2, from the Superior Court of the State of Washington in and for King County (the "State

7 Court Action") to the United States District Court for the Western District of Washington pursuant

8 to 28 U.S.C. §§ 1332, 1441, and 1446, and LCR 101.  In support of removal, Whitepages states as

9 follows:

10     I.    **INTRODUCTION**

11          On April 10, 2025, plaintiff Robert Clark, on behalf of himself and purportedly all others

12 similarly situated, commenced the State Court Action against Whitepages.  A copy of Plaintiff's

13 Complaint in the State Court Action is attached as **Exhibit A** to this Notice of Removal (the

14 "Complaint").  Plaintiff purports to bring claims on behalf of a putative Colorado class for

15 Whitepages' alleged violation of Colorado's Prevention of Telemarketing Fraud Act ("PTFA"),

16 Colo. Rev. Stat. § 6-1-304, *et seq*., claiming that Whitepages improperly listed cellular telephone

17 numbers of Colorado residents without consent.  Ex. A at ¶ 6.

18          This Notice of Removal is based primarily on the allegations in the Complaint but does not

19 admit the truth of those allegations, the validity of Plaintiff's claims, or entitlement to any form of

20 relief.  Rather, Whitepages expressly denies that Plaintiff and the putative class are entitled to any

21 relief, and Whitepages reserves all rights.

22     II.   **LEGAL STANDARD**

23          "[A] defendant's notice of removal need include only a plausible allegation that the amount

24 in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v.

25 Owens*, 574 U.S. 81, 89 (2014); *see also Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th

26 989, 992-96 (9th Cir. 2022) (reversing remand, finding that no antiremoval presumption exists in

27 Class Action Fairness Act ("CAFA") cases, and holding that district court erred in its assessment

NOTICE OF REMOVAL - 2
CASE NO.:

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1
2
3
4
5

of CAFA amount in controversy). "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart*, 574 U.S. at 87 (alteration in original). No evidentiary support is required for removal. *Id.* at 84.

6

### III.    REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

7
8
9
10
11
12

This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. § 1332(d)(2). As set forth below, this case may be removed pursuant to 28 U.S.C. § 1441(a) because the action is a putative class action in which at least one member is a citizen of a different state than Whitepages and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2) & (d)(6). Furthermore, the number of putative class members is greater than 100. 28 U.S.C. § 1332(d)(5)(B).

13
14
15
16
17
18
19
20
21
22
23
24

Counsel for Plaintiff previously filed a nearly identical lawsuit against Whitepages in the United States District Court for the District of Colorado, *Tucker v. Whitepages, Inc.*, Case No. 1:24-cv-03500 (D. Colo. 2024) (the "Colorado Case"), conceding jurisdiction under CAFA. **Exhibit B** attached hereto, ¶ 12 ("The Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. 1332(d) *et seq.* in that the proposed Class consists of over 100 people, the Classes are minimally diverse, on information and belief more than $5 million is at issue, and none of the exceptions to CAFA jurisdiction applies."). As here, the Colorado Case alleged that Whitepages violated the PTFA by listing the cellular telephone numbers of Colorado residents without consent. *See id. generally.* In an apparent effort to avoid the judicial assignments in Colorado, Plaintiff's counsel voluntarily dismissed the Colorado Case and refiled a copycat complaint in the Superior Court in Washington using a different putative class representative. *See* Exs. A & B. As with the Colorado Case, this case is subject to CAFA jurisdiction.

25

### A.    Diversity of Citizenship

26
27

Under CAFA, sufficient diversity of citizenship exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A).

NOTICE OF REMOVAL - 3
CASE NO.:

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1
2
3
4
5
6

According to Plaintiff's Complaint, he "is a resident and citizen of Colorado Springs, Colorado." Ex. A ¶ 10. Whitepages "is a Delaware corporation with its principal place of business at 2033 6th Avenue, Suite 1100, Seattle, Washington 98121." *Id.* ¶ 11. Whitepages thus is a citizen of Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Accordingly, there is diversity under CAFA.

7
8
9
10
11

**B.    Number of Class Members**

Plaintiff purports to bring this action pursuant to the Colorado Rules of Civil Procedure, Rule 23, and estimates the proposed class includes "at least thousands of individuals." Ex. A ¶ 40. Based on this allegation, the aggregate number of class members in Plaintiff's proposed class exceeds 100 and satisfies 28 U.S.C. § 1332(d)(5).

12
13
14
15
16
17
18
19
20
21
22
23
24

**C.    Amount In Controversy Exceeds $5,000,000.**

Under CAFA, a district court aggregates the claims of individual class members to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6); *see Dart*, 574 U.S. at 89 (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and does not require evidentiary submissions); *see also Perez v. Rose Hills Co.*, 131 F.4th 804, 806-08 (9th Cir. 2025) (vacating district court remand after removal and remanding for further proceedings). As the Ninth Circuit held less than two months ago: "In calculating the amount in controversy, a removing defendant may make reasonable assumptions based on the plaintiff's complaint." *Perez*, 131 F.4th at 806. And as the Ninth Circuit reasoned three years earlier, the amount at stake for purposes of removal amount in controversy does not mean "probable liability"; it means "possible liability." *Jauregui*, 28 F.4th at 994.

25
26

In the Colorado Case, Plaintiff's counsel ***already pled in excess of $5,000,000 in controversy***. *See* Ex. B at ¶ 12. That answers the amount-in-controversy question.

27

NOTICE OF REMOVAL - 4
CASE NO.:

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1

2    But even if it didn't, Plaintiff alleges that Whitepages violated PTFA § 6-1-304(4) and

3    seeks to recover "at least three hundred dollars and not more than five hundred dollars for each

4    first offense, and at least five hundred dollars and not more than one thousand dollars for each

5    second or subsequent offense," as well as attorneys' fees and injunctive relief. Ex. A at ¶¶ 54, 57-

6    59. Plaintiff thus alleges that he and the putative class have suffered (at a minimum) $300 in

7    statutory damages per alleged offense. *Id*. at ¶¶ 54, 57-59. Even if these were the ***only*** damages

8    used to calculate the amount in controversy, there would need to be only 16,667 members in the

9    putative class and one violation each to exceed the $5,000,000 threshold. *See, e.g., Jauregui*, 28

10   F.4th at 994-95 (in reversing remand after removal, reasoning that the defendant had done

11   plausible math in its notice of removal based on various assumptions, including one hour a week

12   of unpaid work, 63,431 work weeks in question, multiplication by an average wage of $16.22,

13   doubling for liquidated damages, and addition of potential penalties). The amount-in-controversy

14   threshold is not limited to the statutory damages claim but also includes all other forms of potential

15   relief, including the value of the injunctive relief sought, Ex. A at ¶¶ 56, 58, as well as attorneys'

16   fees, *id.* at ¶ 59. *See, e.g., Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 771-75 (9th Cir. 2020)

17   (reversing remand after removal and affirming the defendant's plausible calculation of amount in

18   controversy based on theoretical compensatory and punitive damages, attorneys' fees, and

19   injunctive relief).

20        Plaintiff seeks to "represent a class defined as all Colorado residents whose cell phone

21   numbers were listed on whitepages.com. . . ." Ex. A at ¶ 38. Whitepages denies any violation of

22   the PTFA and also denies that this matter is suitable for treatment as a class action. However,

23   without admitting putative class size (which likely isn't even ascertainable), Whitepages notes that

24   it is plausible that the purported class is at least 16,667 people. According to the 2024 U.S. Census,

25   the population of the state of Colorado was 5,957,493.[1] 16,667 people would be 0.28 percent of

26   the 2024 population of Colorado. From a plausibility perspective, the CAFA amount in

27   _____
[1] *See* https://www.census.gov/quickfacts/fact/table/CO/PST045224 (last visited April 24, 2025).

NOTICE OF REMOVAL - 5
CASE NO.:

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

controversy requirement is satisfied, particularly when all forms of relief sought are considered. The PTFA provides for consequential damages, court costs, attorneys' fees, and statutory penalties (all of which the putative class seeks). *See* Colo. Rev. Stat. § 6-1-305; *see also* Ex. A ¶¶ 54, 57-59. There's a reason Plaintiff's counsel pled greater than $5,000,000 in controversy in the Colorado Case. *See* Ex. B at ¶ 12.

## II.    THE EXCEPTIONS TO CAFA JURISDICTION DO NOT APPLY.

Plaintiff bears the burden of establishing any applicable exceptions to CAFA jurisdiction. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). Plaintiff's counsel has already pled in the Colorado Case that none of the exceptions exists. *See* Ex. B ¶ 12. That admission should end the inquiry.

Regardless, CAFA provides one discretionary exception and two mandatory exceptions to application of federal jurisdiction. 28 U.S.C. §§ 1332(d)(3)-(4). But all three exceptions include the requirement that one-third or more of the members of the putative class are citizens of the state in which the action was originally filed. 28 U.S.C. §§ 1332(d)(3)-(4). Here, because Plaintiff alleges that the putative class is comprised exclusively of Colorado residents, Ex. A at ¶ 38, the Court can conclude that one-third or more of the putative class members are not citizens of Washington.

## III.    28 U.S.C. § 1446 REQUIREMENTS

Section 1446 also sets forth certain procedural requirements for removal, all of which are met here.

### A.    Venue for Purposes of Removal Is Proper

The proper venue for removed cases is the District embracing the county where the state court action was pending. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a). The State Court Action was originally filed in the Superior Court of the State of Washington in and for King County. King County is within the jurisdiction of this District. That being written, Whitepages reserves all rights, including the right to challenge the filing of this suit after voluntary non-suit of the Colorado Case as paradigmatic of inappropriate judge-shopping and to move for an arbitrability-related stay.

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**B.**   <u>**Removal Is Timely**</u>

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within 30 days of April 14, 2025, the date Whitepages was served with the Summons and Complaint, and is made within one year after commencement of the action.

**C.**   <u>**Pleadings and Process/Notice to State Court**</u>

Consistent with 28 U.S.C. §§ 1446(a) and (d) and concurrently with the filing of this Notice of Removal, written notice of the filing will be served upon Plaintiff's counsel.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of Washington in and for King County.

**IV.**   <u>**RESERVATIONS**</u>

By filing this notice of removal, Whitepages does not waive any elemental challenge or defense that may be available to it and hereby expressly reserves all elemental challenges and defenses, including but not limited to: arbitrability, improper venue, *forum non conveniens*, insufficiency of process, lack of standing, failure to state a claim, and improper judge shopping. Whitepages disputes the Complaint in its entirety, including all factual and legal allegations and prayers for relief.  Whitepages reserves the right to amend or supplement this notice of removal if needed.

WHEREFORE, Whitepages removes this action to this Court.

NOTICE OF REMOVAL - 7
CASE NO.:

**GOLDFARB & HUCK
ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

1 | Dated:    May 2, 2025

2

**GOLDFARB & HUCK ROTH RIOJAS, PLLC**

3

*/s/  Kimberlee L. Gunning*
Kimberlee L. Gunning, WSBA No. 35366

4

*/s/ R. Omar Riojas*
R. Omar Riojas, WSBA No. 35400

5

925 Fourth Avenue, Suite 3950
Seattle, WA  98104

6

Tele:    206.452.0260
Email:    gunning@goldfarb-huck.com

7

riojas@goldfarb-huck.com

8

**VEDDER PRICE P.C.**

9

10

Blaine C. Kimrey (*pro hac vice* application forthcoming)
Bryan K. Clark (*pro hac vice* application forthcoming)

11

222 N. LaSalle Street, Suite 2400
Chicago, IL  60601

12

Tele:    312.609.7500
Email:    bkimrey@vedderprice.com

13

bclark@vedderprice.com

14

*Attorneys for Defendant Whitepages, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL - 8
CASE NO.: