# EXHIBIT A

FILED
2025 APR 10 02:18 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-11215-2 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROBERT CLARK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WHITEPAGES, INC, a Delaware corporation,<br><br>Defendant. | No.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Robert Clark ("Plaintiff") individually and on behalf of all others similarly situated, brings this Class Action Complaint for violations of Colo. Rev. Stat. § 6-1-304 (Colorado's "Prevention of Telemarketing Fraud Act" or "PTFA") against Defendant Whitepages, Inc ("Whitepages" or "Defendant"). Plaintiff makes the following allegations pursuant to his counsel's investigation and based upon information and belief, except as to allegations specifically pertaining to himself, which are based on personal knowledge.

## I. NATURE OF ACTION

1. On May 27, 2005, former Colorado Governor Bill Owens signed into law HB05-1288,[1] which amended the PTFA to prohibit commercially listing a cell phone number in a

[1] https://www.leg.state.co.us/clics2005a/csl.nsf/fsbillcont2/1BB0D3E00348AC6987256F90007C20C7?Open. *See also* https://leg.colorado.gov/sites/default/files/images/olls/2005a_sl_180.pdf.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

directory, without permission.[2] *See* Colo. Rev. Stat. § 6-1-304(4)(a)(I).

2. This prohibition is designed to protect privacy. As former State Representative Mark Cloer,[3] a prime sponsor of HB05-1288,[4] stated in describing this new portion of the PTFA: "[m]ost people view their cell phones as private. They give out the number to friends and family and some colleagues. When their cell phone rings, they expect it to be important."[5]

3. Indeed, concern over cell phone privacy is widespread. According to a research paper presented in May 2005 at the American Association for Public Opinion Research (AAPOR)'s Annual Conference[6] and January 2006 at the American Statistical Association (ASA)'s Second International Conference on Telephone Survey Methodology:[7]

> [T]here appears to be a strong reluctance on the part of cell phone owners to have their cell phone numbers listed in a directory. …
>
> This reluctance on the part of respondents to have their cell phone number listed in a directory may be rooted in not wishing to incur additional costs due to unsolicited incoming calls. …
>
> A more likely reason for their unwillingness to have their cell phone number listed is that respondents view the cell phone as more of a private medium of communication than their land-line phone. They probably wish to restrict access to their cell phone number to family and friends.[8]

4. The Colorado General Assembly enacted subsection (4) of the PTFA to address these privacy concerns and to protect cell phone users from the misappropriation of their personal information. This aligns with the PTFA's overall purpose, as articulated by Colo. Rev. Stat. § 6-1-301:

> The general assembly hereby finds, determines, and declares that the use of telephones for commercial solicitation is rapidly increasing; that this form of

[2] https://www.leg.state.co.us/CLICS2005A/commsumm.nsf/IndSumm/574E34C489356ADA87256FB100612E60?OpenDocument. *See also* https://www.leg.state.co.us/CLICS2005A/commsumm.nsf/91320994cb8e0b6e8725681d005cb995/574e34c489356ada87256fb100612e60?OpenDocument.

[3] *See* https://www.leg.state.co.us/clics2005a/directory.nsf.

[4] https://lawcollections.colorado.edu/colorado-session-laws/islandora/object/session%3A36205 at p. 2461. *See also* https://www.leg.state.co.us/CLICS2005A/csl.nsf/StatusAll?OpenFrameSet.

[5] https://www.9news.com/article/news/local/politics/legislative-library-feb-23-2005/73-344789916.

[6] https://aapor.org/wp-content/uploads/2024/05/AAPORPrograms2005.pdf at pp. 13, 84.

[7] https://scholar.google.com/citations?view_op=view_citation&hl=en&user=I2jkzr0AAAAJ&citation_for_view=I2jkzr0AAAAJ:M3ejUd6NZC8C; https://ww2.amstat.org/meetings/tsmii/2006/index.cfm?fuseaction=main.

[8] http://www.asasrms.org/Proceedings/y2005/files/JSM2005-000345.pdf at p. 4005.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

> communication offers unique benefits, but entails special risks and poses the potential for abuse; that the general assembly finds that the widespread practice of fraudulent and deceptive commercial telephone solicitation has caused substantial financial losses to thousands of consumers, and, particularly, elderly, homebound, and otherwise vulnerable consumers, and is a matter vitally affecting the public interest; and, therefore, that the general welfare of the public and the protection of the integrity of the telemarketing industry requires statutory regulation of the commercial use of telephones.

5. Colo. Rev. Stat. § 6-1-304(4) provides, in pertinent part:

> (a) On or after September 1, 2005, a person commits an unlawful telemarketing practice if the person knowingly: (I) Lists a cellular telephone number in a directory for a commercial purpose unless the person whose number has been listed has given affirmative consent, through written, oral, or electronic means, to such listing[.]

6. Despite this abundantly clear proscription, Defendant has listed the cellular telephone numbers of thousands of Colorado residents in its for-sale and for-profit directories, without requesting (let alone actually receiving) affirmative consent to such listings.

7. Thus, while Defendant profits handsomely from its unauthorized commercial listing of Plaintiff's and other Class Members' personal information, it does so at the expense of Coloradans' statutory privacy rights, under the PTFA.

8. Not only is Defendant's misappropriation unlawful – it is also dangerous. The Federal Trade Commission's ("FTC") report on "Data Brokers" states:

> There are a number of potential risks to consumers from data brokers' collection and use of consumer data. … [T]hey may facilitate the sending of advertisements … which some consumers may find troubling and which could undermine their trust in the marketplace. Moreover, … people search products can be used to facilitate harassment, or even stalking, and may expose domestic violence victims, law enforcement officers, prosecutors, public officials, or other individuals to retaliation or other harm. [In addition, s]toring [d]ata [a]bout [c]onsumers [i]ndefinitely [m]ay [c]reate [s]ecurity [r]isks[.][9]

9. Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Colorado cell phone users and to recover statutory damages from Defendant, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c).

---

[9] https://www.ftc.gov/system/files/documents/reports/data-brokers-call-transparency-accountability-report-federal-trade-commission-may-2014/140527databrokerreport.pdf at p. 48.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## II. PARTIES

10. Plaintiff Robert Clark is a resident and citizen of Colorado Springs, Colorado. Plaintiff's cellular telephone number was listed by Defendant in its directory, available at whitepages.com, to advertise and/or actually sell products and services. Defendant never requested – and Plaintiff never provided – affirmative consent, through written, oral, or electronic means, to such listing. In fact, Plaintiff has no relationship with Defendant whatsoever. Plaintiff had never heard of Defendant and had no reasonable ability to discover Defendant's use of his personal information until shortly before filing suit.

11. Defendant Whitepages, Inc is a Delaware corporation with its principal place of business at 2033 6th Avenue, Suite 1100, Seattle, Washington 98121. Defendant operates the directory whitepages.com. Therein, and for commercial purposes, Defendant has listed the cellular telephone numbers of thousands of individuals whom it knows to reside in Colorado.

## III. JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to RCW 2.08.010.

13. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in King County, Washington.

14. Venue is proper in this Court pursuant to RCW 4.12.025 because Defendant resides in King County, Washington.

## IV. FACTUAL ALLEGATIONS

### A. Overview of Defendant's Directory

15. Defendant is a data broker – a company "that collect[s] consumers' personal information and resell[s] or share[s] that information with others[.]"[10]

16. Specifically, Defendant provides online "people search" (also known as "people finder") services. People search companies, like Defendant, specialize in compiling vast amounts

[10] https://www.ftc.gov/system/files/documents/reports/data-brokers-call-transparency-accountability-report-federal-trade-commission-may-2014/140527databrokerreport.pdf at p. i.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

of information about individuals from various sources.[11]

17. Defendant and its competitors monetize said personal details through their directories – some of which are ad-supported and give users free access to the data, and others of which furnish reports about people for a fee.

18. Defendant's directory is available at whitepages.com. There, anyone on the Internet can view Coloradans' "verified phone numbers, home addresses, email addresses, relatives, property records, background reports, and more."[12]

19. This is achieved by simply searching an individual by name, city, state, phone number, address, and/or other parameters:[13]

Whitepages
SEARCH. FIND. KNOW.
Log In
Sign Up

People Search

Search by name to **find people and get contact information** for over 250 million U.S. adults.

PEOPLE SEARCH REVERSE PHONE REVERSE ADDRESS

e.g. Jon Snow | City, State, or ZIP | Search

Get the phone number ✓ Lookup current address ✓ Find verified emails

20. Users of whitepages.com can also find people listed by last name and city (i.e., those with the surname of "Anderson" in Denver):[14]

//

//

[11] https://consumer.ftc.gov/articles/what-know-about-people-search-sites-sell-your-information.
[12] https://www.whitepages.com/people-search.
[13] *Id.*
[14] https://www.whitepages.com/white-pages/denver-co/a.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711



whitepages SEARCH. FIND. KNOW.

PEOPLE PHONE ADDRESS

e.g. Jon Snow | City, State or ZIP

Log In Sign Up

**Popular last names starting with A in Denver, CO**

Home › White Pages › Colorado › Denver › A

| | | | | |
|---|---|---|---|---|
| Anderson | Allen | Adams | Aguilar | Alvarez |
| Archuleta | Aragon | Alexander | Alvarado | Acosta |
| Avila | Aguirre | Arellano | Armstrong | Abeyta |
| Apodaca | Andrade | Ayala | Andrews | Arnold |
| Al | Ali | Acevedo | Austin | Armijo |
| Atencio | Armendariz | Arroyo | Ahmed | Amaya |
| Anaya | Arreola | Avalos | Arguello | Arias |

21. After entering this information, a whitepages.com user is furnished a list of search results. Each result corresponds to an actual person that Defendant has located who matches the searched parameters.[15]

[15] Note, in this image of whitepages.com's search results, Plaintiff's counsel has redacted certain sensitive personal information (black portions). Defendant, itself, also blurs certain information (pixelated portions) to entice users to purchase Defendant's full background reports and gain complete access.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

22. Upon selecting a particular person to investigate from the search results, a whitepages.com user can access a free, limited preview of Defendant's paid, full background reports. Whitepages.com free, limited previews include searched individuals' cell phone number(s) and a plethora of other identifying information.[16]

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

[16] Note, in this image of whitepages.com's free, limited preview, Plaintiff's counsel has redacted certain sensitive personal information (blue portions). Defendant, itself, also blurs certain information (pixelated portions) to entice users to purchase Defendant's full background reports and gain complete access.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

PEOPLE SEARCH PHONE ADDRESS

Log In Sign Up

People Search >

Monitor

s
Age Range

Get 's Background Report

0 Criminal & Traffic 0 Public 3 Property 0 More

View Background Report

Get 's Contact Info

Landlines
(9
See 3 More >

Cell Phones
(7
See 2 More >

Emails
@hotmail.com
See 2 More >

View 's Contact Info

is currently in their 50s. Relatives and family members of include . currently resides at in a single family ...more

Phone Numbers for 9

We found 9 verified phone numbers for . Phone numbers include both cell phones and landlines.

Cell Phones (3)

PRIMARY
(7 -
(9 -
View Cell Phone Numbers

Landlines (4)

PRIMARY
(9
(7
View More Landlines

Other (2)

PRIMARY
(9 -
(9 -

View Phone Numbers

Addresses for 10

We found 10 home addresses for . Address may include current or past addresses and owned properties.

CURRENT

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

23. Defendant also makes available paid, full background reports that do not redact or blur searched individuals' sensitive personal information whatsoever – including cell phone numbers. Instead, they offer a comprehensive view into said individuals' private details.[17]

May also be known as

AGE

LOCATION

Monitor

Criminal records

Some Legal Troubles

Foreclosures

Married

Phone Numbers 7

Addresses 6

Relatives & Associates 16

Criminal Records 4

Traffic Records 4

SAMPLE

Phone Numbers

LANDLINES (4)

PRIMARY

Show 2 More

CELL PHONES (4)

PRIMARY

Show 2 More

OTHER (1)

SAMPLE

Addresses 1 NEW

Zackary has 1 current address and 5 previous addresses.

PRIMARY NEW OWNER

Map

PRIMARY RENTER

Map

[17] Note, in this image of whitepages.com's paid, full background report, Plaintiff's counsel has redacted certain sensitive personal information (black portions).

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

24. As the above images of whitepages.com make clear, Defendant knowingly lists Coloradans' cell phone numbers. On whitepages.com, Defendant states: "We found [] verified phone numbers for [a particular person]. Phone numbers include both cell phones and landlines." Defendant encourages users to "View Cell Phone Numbers[.]" And Defendant does, in fact, provide phone numbers for what it correctly labels "Cell Phones."

25. The purpose behind listing individuals' personal information – including cell phone numbers – on whitepages.com is twofold.

26. First, listing said information helps Defendant generate ad revenue. Defendant advertises how pages are "Sponsored by Ancestry.com" (which, on information and belief, pays Defendant for that distinction), and Defendant advertises other third-parties' products and services (here, pet food being sold on Amazon).

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711



27. Second, listing said information helps Defendant entice users to acquire access to Defendant's paid, full background reports.

28. To acquire a full background report from Defendant, a whitepages.com user can either (a) pay a one-time fee of $11.99 for a single report or (b) pay a monthly subscription fee ranging from $5.99 per month to $109.99 per month:[18]

29. Users can also access a 5-day trial membership for $1:

[18] https://www.whitepages.com/checkout/pricing.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

30. Thus, the listing of Plaintiff's and Class Members' cell phone numbers is for a commercial purpose. Indeed, that is Defendant's entire business model. Defendant is literally selling Plaintiff's and Class Members' cell phone numbers and accompanying information to its customers and subscribers.

**B. Defendant's Conduct Harms Coloradans**

31. Consumer data is key to the $26 billion-per-year online advertising industry in the United States.[19] Clearly, and per the FTC, consumer data possesses inherent monetary value:

> Most consumers cannot begin to comprehend the types and amount of information collected by businesses, or why their information may be commercially valuable. Data is currency. The larger the data set, the greater potential for analysis – and profit.[20]

32. In fact, individuals' private information has become such a valuable commodity that companies now offer individuals the opportunity to monetize their personal data.[21]

33. These companies' business models capitalize on a fundamental principle underlying the modern information marketplace: Consumers recognize the economic value of their private data. Along these lines, research shows that consumers are willing to pay a premium to purchase services from companies that adhere to more stringent policies of protecting their data.[22] A 2014 survey conducted by Harris Interactive on behalf of TRUSTe, Inc. showed that 89 percent of consumers avoid doing business with companies who they believe do not protect their

---

[19] http://online.wsj.com/article/SB10001424052748703529004576160764037920274.html.

[20] https://www.ftc.gov/sites/default/files/documents/public_statements/remarks-ftc-exploring-privacy-roundtable/091207privacyroundtable.pdf at p. 2.

[21] *See, e.g.*, https://www.washingtonpost.com/technology/2023/02/06/consumers-paid-money-data/; http://www.nytimes.com/2012/02/13/technology/start-ups-aim-to-help-users-put-a-price-on-their-personal-data.html; https://techcrunch.com/2023/08/16/caden-lands-15m-to-let-users-monetize-their-personal-data/; https://www.theverge.com/2019/6/11/18661595/facebook-study-app-monitor-phone-usage-pay; https://sifted.eu/articles/gener8; https://www.theverge.com/2012/2/8/2785751/google-screenwise-panel-web-monitoring-knowledge-networks; https://www.sidehustlenation.com/get-paid-for-your-data/; https://millennialmoneyman.com/get-paid-for-your-data/.

[22] *See, e.g.*, https://web.archive.org/web/20240420201259/https://www.enisa.europa.eu/publications/monetising-privacy/@@download/fullReport; https://citeseerx.ist.psu.edu/document?repid=rep1&type=pdf&doi=8b70320d110370c82ca9cbab768db58b74878234.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

privacy.[23] The same is true for 80 percent of smartphone users, who say that they avoid using smartphone apps that they don't believe protect their privacy.[24]

34. Defendant's misappropriation of Coloradans' cell phone numbers undeniably deprives state residents of the ability to enjoy their PTFA privacy rights. It also deprives them of the real, quantifiable value of such data.

35. Further, "[p]eople search sites … offer a wealth of information that can be exploited by malicious actors."[25] For one, "[b]undling [personal data] all together and making it so easily accessible can … put ordinary people at risk of … stalking and other forms of harassment."[26] Second, people search sites' "comprehensive data allows cybercriminals to build detailed profiles of potential victims, making it easier to craft convincing scams or carry out identity theft."[27] This "put[s] almost anyone within the reach of fraudulent telemarketers[]" and other wrongdoers.[28]

36. Information disclosures like Defendant's are particularly dangerous to the elderly. "Older Americans are perfect telemarketing customers, analysts say, because they are often at home, rely on delivery services, and are lonely for the companionship that telephone callers provide."[29] The FTC notes that "[t]he elderly often are the deliberate targets of fraudulent telemarketers who take advantage of the fact that many older people have cash reserves or other assets to spend on seemingly attractive offers."[30]

37. Making matters worse, "[o]nce marked as receptive to [a specific] type of spam, a consumer often is bombarded with similar fraudulent offers from a host of scam artists."[31]

---

[23] *See* https://web.archive.org/web/20190820142832/http://www.theagitator.net/wp-content/uploads/012714_ConsumerConfidenceReport_US1.pdf at p. 3.
[24] *Id.*
[25] https://www.foxnews.com/tech/dangerous-intersection-people-search-sites-scams.
[26] https://innovation.consumerreports.org/Data-Defense_-Evaluating-People-Search-Site-Removal-Services-.pdf.
[27] https://www.foxnews.com/tech/dangerous-intersection-people-search-sites-scams.
[28] http://www.nytimes.com/2007/05/20/business/20tele.html.
[29] *Id.*
[30] https://www.ftc.gov/sites/default/files/documents/public_statements/prepared-statement-federal-trade-commission-fraud-against-seniors/agingtestimony.pdf at p. 1.
[31] *Id.* at p. 3.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## V. CLASS ALLEGATIONS

38. Pursuant to CR 23, Plaintiff seeks to represent a class defined as all Colorado residents whose cell phone numbers were listed on whitepages.com (the "Class").

39. Plaintiff reserves the right to modify the Class definition, including by using subclasses, as appropriate based on further investigation and discovery obtained in the case.

40. **Numerosity:** The Class is composed of at least thousands of individuals, the joinder of which in one action would be impracticable. The disposition of their claims through this class action will benefit both the parties and the Court.

41. **Existence and Predominance of Common Questions of Fact and Law:** There is a well-defined community of interest in the questions of law and fact involved affecting the members of the proposed Class. The questions of law and fact common to the proposed Class predominate over questions affecting only individual Class Members. Such questions include, but are not limited to, the following: whether Defendant violated Colo. Rev. Stat. § 6-1-304(4)(a)(I); and whether Plaintiff and Class Members are entitled to damages, reasonable attorneys' fees, pre-judgment interest and costs of this suit, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c).

42. **Typicality:** The claims of the named Plaintiff are typical of the claims of the Class because Plaintiff, like all other Class Members, had his cell phone number listed on whitepages.com for a commercial purpose; Defendant did so without requesting or receiving Plaintiff's affirmative consent (through written, oral, or electronic means); and Defendant's misappropriation of Plaintiff's personal data (including the economic value thereof) came at the expense of Plaintiff's PTFA privacy rights.

43. **Adequacy:** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

44. **Superiority:** The class mechanism is superior to other available means for the fair

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

and efficient adjudication of the claims of Class. Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. Finally, Defendant has acted or refused to act on grounds generally applicable to the entire Class, thereby making it appropriate for this Court to grant final injunctive relief and declaratory relief with respect to the Class as a whole.

## VI. CAUSE OF ACTION

### COUNT I

### VIOLATION OF THE PREVENTION OF TELEMARKETING FRAUD ACT, COLO. REV. STAT. § 6-1-304(4)(a)(I)

45. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

47. Colo. Rev. Stat. § 6-1-304(4) provides:

> (a) On or after September 1, 2005, a person commits an unlawful telemarketing practice if the person knowingly: (I) Lists a cellular telephone number in a directory for a commercial purpose unless the person whose number has been listed has given affirmative consent, through written, oral, or electronic means, to such listing[.]

48. Defendant failed to comply with this PTFA mandate.

49. Defendant knowingly lists Coloradans' cell phone numbers. On whitepages.com, Defendant states: "We found [] verified phone numbers for [a particular person]. Phone numbers include both cell phones and landlines." Defendant encourages users to "View Cell Phone

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Numbers[.]" And Defendant indeed provides phone numbers for what it correctly labels "Cell Phones."

50. Defendant's website, whitepages.com, is a directory – i.e., an "electronic resource containing lists of information, usually in alphabetical order, for example people's phone numbers or the names and addresses of businesses in a particular area[.]"[32] Defendant admits as much, referring to whitepages.com as a "directory service";[33] advertising that it offers "the most accurate online directory of contact information";[34] and titling pages with the word "directory."[35]

51. Defendant engages in this conduct for a commercial purpose. The purpose behind listing individuals' personal information – including cell phone numbers – on whitepages.com is to generate ad revenue and entice users to acquire access to Defendant's paid, full background reports.

52. Defendant never requests nor receives Coloradans' "affirmative consent, through written, oral, or electronic means, to such listing[.]" Colo. Rev. Stat. § 6-1-304(4)(a)(I). Rather, Defendant lists the cell phone numbers of Coloradans it has never engaged with, has had no connection to, and who are unaware of its existence.

53. Defendant's misappropriation of Class Members' personal data (including the economic value thereof) came at the expense of Class Members' PTFA privacy rights. It deprived Class Members of the real, quantifiable value of such data. And it exposed Class Members to elevated risks of stalking, harassment, scams, identity theft, and unwanted telemarketing.

54. Thus, on behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class; (3)

---

[32] *Directory*, Oxford Learner's Dictionary, https://oxfordlearnersdictionaries.com/us/definition/english/directory. *See also Directory*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/directory ("an alphabetical or classified list (as of names and addresses)[.]"); *Directory*, Cambridge Essential American English Dictionary, https://dictionary.cambridge.org/us/dictionary/essential-american-english/directory ("a book or list of names and numbers"); *Directory*, AllWords.com Multi-Lingual Dictionary, https://www.allwords.com/word-directory.html ("A list of names, address etc., of specific classes of people or organizations, often in alphabetical order or in some classification.").

[33] https://www.whitepages.com/privacy.

[34] https://www.whitepages.com/reverse-phone.

[35] *See, e.g.*, https://www.whitepages.com/white-pages/denver-co; https://www.whitepages.com/directory/name.

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

damages, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), of at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense; and (4) reasonable attorneys' fees and other litigation costs pursuant to Colo. Rev. Stat. § 6-1-305(1)(c).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

55. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as Class Counsel;

56. Declaring that Defendant's actions, as set out above, violate Colo. Rev. Stat. § 6-1-304(4)(a)(I) (Colorado's "Prevention of Telemarketing Fraud Act" or "PTFA");

57. Awarding damages, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), of at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense;

58. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendant to comply with the PTFA;

59. Awarding Plaintiff and the Class their reasonable attorneys' fees and other litigation costs pursuant to Colo. Rev. Stat. § 6-1-305(1)(c);

60. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

61. Awarding such other and further relief as equity and justice may require.

//

//

//

//

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Dated: April 10, 2025

Respectfully submitted,

**EMERY REDDY PLLC**

By: */s/ Timothy W. Emery*
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
600 Stewart St., Suite 1100
Seattle, WA 98101
Telephone: (206) 442-9106
Facsimile: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* forthcoming)
Matthew A. Girardi (*pro hac vice* forthcoming)
1330 Avenue of the Americas, 32nd Floor
New York, NY
Telephone: (646) 837-7127
Facsimile: (212) 989-9163
Email: ykopel@bursor.com
Email: mgirardi@bursor.com

*Attorneys for Plaintiff*