UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT CLARK, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>WHITEPAGES, INC, a Delaware Corporation,<br><br>　　　　　　　　Defendant. | CASE NO. 2:25-cv-00810-TL<br><br>ORDER |

　　　This matter is before the Court on Defendant Whitepages, Inc.'s Motion to Extend Initial Disclosure and Joint Status Report Deadlines (Dkt. No. 22). Having reviewed the motion, Plaintiff's response (Dkt. No. 24) and the relevant record, the Court DENIES the motion.

　　　Under the Local Civil Rules, motions for relief from a deadline are 14-day motions, LCR 7(d)(3); however, this Court's civil standing order does allow such motions to be filed up to three business days before the deadline in question. Standing Order for All Civ. Cases § III.A, https://www.wawd.uscourts.gov/sites/wawd/files/LinStandingOrderreCivilCases_0.pdf; *see also* Dkt. No. 12 (Minute Order directing parties to Chambers Procedures). As such, Defendant's

ORDER - 1

motion is technically timely, though the Court notes that Defendant has "waited until a deadline is imminent before filing a motion to extend," a choice that has created an unnecessary urgency around a request that is not an emergency. *See id.* ("The Court will not prioritize such motions simply because the Parties have waited until a deadline is imminent before filing a motion to extend."). As Plaintiff notes, these deadlines have been known for over a month, and Defendant has not indicated a reason its motion could not have been filed earlier. Dkt. No. 24 at 2.

Defendant's request for relief from these initial deadlines does not arise out of an unforeseen circumstance or hardship; rather, Defendant argues that the deadlines should be stayed "[i]n the interests of efficiency" pending resolution of its pending motion to stay (Dkt. No. 21)—which in turn seeks a stay of discovery and all pre-trial deadlines pending resolution of Defendant's motion to dismiss (Dkt. No. 19). Dkt. No. 22 at 2. However, efficiency will only be served by granting the instant motion if Defendant succeeds on its broader motion to stay. Plaintiff—who opposes the instant motion—has not yet had an opportunity to be heard on the merits of the motion to stay, but has indicated intent to file an amended complaint, which would moot Defendant's pending motions. Dkt. No. 24 at 2. As such, the Court is disinclined to accept "the interests of efficiency" as sufficient cause for extending initial deadlines over Plaintiff's objection and at the eleventh hour. Additionally, the two deadlines at issue in this motion—for Rule 26(a)(1) initial disclosures and the Rule 26(f) status report—do not typically require legal writing or extensive investigation. Meeting them is unlikely to be burdensome (and Defendant has not indicated that it would be so here).

Accordingly, Defendant's motion is DENIED.

Dated this 17th day of June, 2025.

Tana Lin
United States District Judge

ORDER - 2