1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

| | |
|---|---|
| ROBERT CLARK, individually and on behalf of all others similarly situated,<br><br>                           Plaintiff,<br><br>        v.<br><br>WHITEPAGES, INC., a Delaware Corporation,<br><br>                           Defendant. | CASE NO. 2:25-cv-00810-TL<br><br>ORDER ON MOTION TO STAY DISCOVERY |

16

17

18

19

    This matter is before the Court on Defendant Whitepages, Inc.'s Motion to Stay Discovery (Dkt. No. 33). Having considered the motion, Plaintiff Robert Clark's response (Dkt. No. 35), and Defendant's reply (Dkt. No. 36), the Court DENIES the motion.

20

### I.    BACKGROUND

21

22

23

24

    This is a putative class action brought by Plaintiff on behalf of himself and a proposed class of Colorado residents whose personal cell phone numbers Defendant Whitepages, Inc. allegedly listed in its paid directory at whitepages.com without their consent. Dkt. No. 26 (First Amended Complaint) ¶¶ 11–12, 41. Plaintiff asserts a claim under the Prevention of

1 Telemarketing Fraud Act, Colo. Rev. Stat. § 6-1-304(4)(a)(I). *Id.* at 16.

2       On May 2, 2025, Defendant timey removed this case from King County Superior Court,

3 citing this Court's jurisdiction under the Class Action Fairness Act, codified in pertinent part at

4 28 U.S.C. § 1332(d)(2). Dkt. No. 1 at 3. Plaintiff filed the operative complaint on June 18, 2025.

5 Dkt. No. 26. On July 16, 2025, Defendant filed a Motion to Strike Class Allegations (Dkt.

6 No. 32), a Motion to Dismiss for Failure to State a Claim (Dkt. No. 31), and a Special Motion for

7 Expedited Relief seeking dismissal pursuant to Washington's Uniform Public Expression

8 Protection Act ("UPEPA"), RCW 4.105.010, *et seq.* (Dkt. No. 30) ("UPEPA Motion").

9 Defendant concurrently filed the instant Motion to Stay Discovery.

10 ## II.    LEGAL STANDARD

11       "[D]istrict courts have the inherent authority to manage their dockets and courtrooms

12 with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S.

13 40, 47 (2016) (collecting cases). For example, district courts have wide discretion in controlling

14 discovery, including by staying discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th

15 Cir. 1988). Federal Rule of Civil Procedure 26(c) also permits parties to seek a protective order

16 to limit discovery for good cause, "to protect a party or person from annoyance, embarrassment,

17 oppression, or undue burden or expense . . . ." "Although a court may relieve a party from the

18 burdens of discovery while a dispositive motion is pending, this is the exception and not the

19 rule." *Id.* (quoting *White v. Skagit Bonded Collectors, LLC*, No. C21-697, 2022 WL 508825, at

20 *1 (W.D. Wash. Jan. 24, 2022)).

21 ## III.    DISCUSSION

22       Defendant cites two bases for its stay request: first, a provision within UPEPA providing

23 for an automatic stay of "[a]ll other proceedings between the moving party and responding party,

24 including discovery and a pending hearing or motion," upon the filing of a UPEPA motion, and,

second, the Court's inherent authority to stay discovery as a matter of discretion. Dkt. No. 33 at 2. The Court addresses these arguments in turn.

**A.      Applicability of UPEPA's Automatic Stay Provision**

Defendant appears to suggest that this case is (or may be) subject to an UPEPA's automatic stay provision, RCW 4.105.040. Dkt. No. 33 at 2. UPEPA is what is generally known as an "anti-SLAPP statute," where "SLAPP" stands for "Strategic Litigation Against Public Participation." Dkt. No. 30 at 8. Anti-SLAPP statutes are intended to provide expedited relief to defendants whose protected speech is challenged by a meritless lawsuit. *Id.* Consistent with this purpose, UPEPA provides a mechanism by which defendants can stay and seek review of a lawsuit that may be covered by the statute. *See* RCW 105.030. The relevant provision directs that "on . . . giving of notice of and intent to file under RCW 4.105.020(1) . . . [a]ll proceedings between the moving and responding party . . . are stayed." RCW 4.105.030(1)(a). Under this provision, in Washington state courts, the filing of a UPEPA motion automatically stays proceedings, with limited exceptions, until the UPEPA motion is resolved. *See Jha v. Khan*, 24 Wn. App. 2d 377, 404, 520 P.3d 470–71 (2022) (discussing RCW 4.105.030(7)).

But this is a federal district court. Defendant presents no legal basis that an automatic UPEPA stay must, should, or even *could* apply in this Court. The entirety of Defendant's argument in support of a UPEPA-related stay is as follows:

> It's not clear whether this applies in federal court — the issue has not been squarely addressed since UPEPA was enacted in 2021. But at least one decision seems to suggest that the automatic stay might apply. In *M.G. v. Bainbridge Island School District #303*, [C22-1418,] 2023 WL 2931473, *2 (W.D. Wash. April 13, 2023), the court invoked UPEPA's good cause exemption rather than find a UPEPA automatic stay inapplicable in federal court.

Dkt. No. 33 at 2.

1    The decision in *M.G. v. Bainbridge Island School District* is not illuminating. As Plaintiff

2    rightly notes, the court in that case did not invoke the automatic stay. *See* Dkt. No. 35 at 1–2.

3    Rather, in an order denying a defendant's UPEPA motion, the court succinctly rejected a

4    defendant's assertion that a UPEPA motion automatically stayed consideration of other motions,

5    relying on a state court holding (which in turn relied on the plain language of RCW 4.105.030(7)

6    itself) that the filing of a UPEPA motion does not stay "[m]otions that are not related to the

7    UPEPA motion . . . if there is good cause to address them." 2023 WL 2931473, at *2 (citing *Jha*,

8    24 Wn. App. 2d at 405. Whether the automatic stay could *ever* apply in federal court is a

9    question that was not presented to the *M.G.* court and that it did not address. In reply, Defendant

10   reiterates that because the *M.G.* court did not rule that the automatic stay provision did *not* apply

11   in federal court—an issue that, again, was not presented to it—the provision "might apply." Dkt.

12   No. 36 at 2.

13       Whether a federal court sitting in diversity applies state or federal law is a question

14   governed by *Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938). "Under the *Erie* doctrine,

15   federal courts sitting in diversity apply state substantive law and federal procedural law." *In re*

16   *Cnty. of Orange*, 784 F.3d 520, 523–24 (9th Cir. 2015) (quoting *Gasperini v. Ctr. for*

17   *Humanities, Inc.,* 518 U.S. 415, 427 (1996).

18       As Plaintiff points out, the Ninth Circuit has already held that automatic stay provisions

19   in anti-SLAPP statutes are procedural rules that conflict with the Federal Rules of Civil

20   Procedure. Dkt. No. 35 at 2 (citing *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med.*

21   *Progress*, 890 F.3d 828, 833 (9th Cir.)). Specifically, because this type of provisions "limits

22   discovery and makes further discovery an exception, rather than the rule," it conflicts with

23   Federal Rule of Civil Procedure 56, which "does not limit discovery," but rather "ensures that

24   adequate discovery will occur before summary judgment is considered." *Metabolife Int'l, Inc. v.*

*Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (quoting *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 982 (C.D. Cal. 1999)). Because of this conflict, such "discovery-limiting aspects" of an anti-SLAPP statute "cannot apply in federal court." *Id.* (*Rogers*, 57 F. Supp. 2d at 983); *see also Hanna v. Plumer*, 380 U.S. 460, 473–74 (1965) (a Federal Rule of Civil Procedure, if valid, takes precedence in federal court over a conflicting state law or policy).

When faced with this contrary precedent, Defendant replies only that "[t]he cases cited by Clark relate to California's anti-SLAPP statute—no reported federal decision has addressed whether UPEPA's stay provision should apply in federal court." Dkt. No. 36 at 2. But the Court is aware of no reason that UPEPA's automatic stay provision would be distinguishable from the provision addressed by the Ninth Circuit in *Metabolife*, 264 F.3d 832, nor does Defendant suggest one.[1] On the record before it, and with no substantive argument presented by Defendant, the Court presumes for the purposes of this motion that the Ninth Circuit's decision in *Metabolife* controls and UPEPA's automatic stay provision does not apply in federal court.

**B.    Stay Pursuant to Court's Inherent Authority**

Defendant also asserts that the Court should exercise its inherent authority to stay discovery "in light of the UPEPA Motion, Motion to Dismiss, and Motion to Strike" and because, at the time the instant motion was filed, the Colorado Attorney General ha[d] 60 days . . . to intervene" and "[i]t makes little sense for discovery to proceed before the Court knows whether the Colorado Attorney General intends to intervene." Dkt. No. 2 at 2.[2]

Defendant notes, correctly, that this Court and others in this District have sometimes stayed discovery pending resolution of a dispositive motion. Dkt. No. 33 at 3 (citing *In re*

---

[1] In its UPEPA motion, Defendant relies on *Planned Parenthood*, 890 F.3d 828, and two other cases involving California's anti-SLAPP statute, in support of the proposition that UPEPA applies in federal court. *See* Dkt. No. 30 at 13.

[2] The deadline for the Attorney General of Colorado to intervene passed on October 6, 2025, so this particular justification is now moot. *See* Dkt. No. 30 at 2; Fed. R. Civ. P. 5.1(c).

1   *Amazon Serv. Fee Litig.* 2022 WL 22877300, *1 (W.D. Wash. Dec. 23, 2022) (Lin, J.);[3]

2   *Magassa v. Wolf*, C19-2036, 2020 WL 2307477, *2 (W.D. Wash. May 8, 2020) (Martinez, C.J.);

3   *Lloyd v. Fitzwater*, C17-5627, 2020 WL 1890591, *2 (W.D. Wash. Apr. 15, 2020) (Fricke, Mag.

4   J.). However, Plaintiff notes this Court has also denied such motions. Dkt. No. 35 at 4 (citing

5   *HUB Int'l Nw. LLC v. Larson*, C22-1418, 2023 WL 2527150 (W.D. Wash. Mar. 15, 2023) (Lin,

6   J.)). Defendant's attempt to distinguish this case from *HUB* because *HUB* "involved ongoing

7   harm . . . and an upcoming deadline for joinder of parties and amended pleadings" is unavailing

8   for a number of reasons: (1) the allegation of ongoing harm was only one of a number of reasons

9   the Court denied the stay, *see HUB Int'l Nw. LLC*, 2023 WL 2527150, at *4; (2) the joinder and

10  amendment deadlines was not part of the Court's analysis at all, *see generally id.*, and (3) the

11  allegations in this case *do* involve ongoing harm resulting from continuing violations of

12  Colorado law. *See generally* Dkt. No. 26 (Amended Complaint).

13          The Court's decision in *HUB* is more recent than its decision in *In re Amazon Service Fee*

14  *Litigation* and offers more guidance on how the Court decides whether to exercise its discretion

15  to stay discovery pending resolution of a dispositive motion. *Compare HUB Int'l Nw. LLC*, 2023

16  WL 2527150, at *2–4, *with In re Amazon Serv. Fee Litig.*, 2022 WL 22877300. In the newer

17  Order, while acknowledging that "[t]he Ninth Circuit does not appear to have set forth any rules

18  or standards governing such stays of discovery," the Court looked to persuasive authority related

19  to motions to stay discovery, motions to limit discovery under Federal Rule of Procedure 26(c),

20  and motions to stay proceedings entirely. *Id.* The Court found the following factors relevant to its

21  analysis:

22          (1)     whether the complaint appears to be frivolous (*id.* at 3 (citing, *inter alia*, *Turner*

---

[3] Defendant also cites this Court's order in *Mayes v. International Markets Live*, 2023 WL 6196951, (W.D. Wash. Sept. 22, 2023), but *Mayes* is easily distinguishable. That order granted a 30-day stay of all proceedings, with no mention of discovery, while the Court considered a motion to compel arbitration, and where there was a need to "stem[] the tide" of filings by a prolific pro se plaintiff. *Id.* at *1. Those circumstances are not present here.

1    *Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555 (D. Nev. 1997)));

2    (2)    whether the pending motion could dispose of the entire case (*id.* at *3 (citing

3    *Travelers Prop. Cas. Co. of Am. v. H.D. Fowler Co.*, No. C19-1050, 2020 WL

4    832888, at *1 (W.D. Wash. Feb. 20, 2020)));

5    (3)    whether the pending motion involves pure questions of law that can be decided

6    without additional discovery (*id.* at *3 (citing, *inter alia*, *Little v. City of Seattle*,

7    863 F.2d 681, 685 (9th Cir. 1988); *Travelers Prop. Cas. Co. of Am. v. H.D.*

8    *Fowler Co.*, No. C19-1050, 2020 WL 832888, at *1 (W.D. Wash. Feb. 20,

9    2020)));

10   (4)    whether the case requires prohibitive and large amounts of discovery (*id.* at *4

11   (citing *Rutman Wine Co. v. E. & J. Winery*, 829 F.2d 729, 738 (9th Cir. 1987)));

12   (5)    "the possible damage which may result from the granting of a stay" (*id.* at *3

13   (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005));

14   (6)    "the hardship or inequity which a party may suffer in being required to go

15   forward" (*id.* (quoting *Lockyer*, 398 F.3d at 1110));

16   (7)    and "the orderly course of justice measured in terms of the simplifying or

17   complicating of issues, proof, and questions of law which could be expected to

18   result from a stay" (*id.* (quoting *Lockyer*, 398 F.3d at 1110)).

19   "Taking all this and the facts here into account," the Court in *HUB* found that, "while a stay of

20   discovery can be prudent when a motion that could dispose of the case is pending, Defendant has

21   not shown good cause for a stay of discovery here." *Id.* at *3. Here, the Court easily reaches the

22   same conclusion, because Defendant's motion addresses none of these factors nor identifies any

23   good cause beyond a generic mention of "efficiency" for the Court to stay discovery as an

24

exercise of its inherent authority. *See generally* Dkt. No. 33.[4] Although a court *may* stay discovery pending resolution of a dispositive motion—and although such a stay would often serve the interest of efficiency—many courts of this Circuit have emphasized that the mere existence of a dispositive motion does not warrant a stay of discovery. *See, e.g.*, *Rosario v. Starbucks Corp.*, No. C16-1951, 2017 WL 4122569, at *1 (W.D. Wash. Sept. 18, 2017); (finding arguments "that a stay would free the parties from the burden and expense of unnecessary discovery," with "no other reason why discovery should be delayed," were insufficient to demonstrate good cause for a protective order staying discovery where the court was not "convinced" that the pending motion would succeed); *see also Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995) (stating that if the Federal Rules contemplated a motion to dismiss under Rule 12(b)(6) would stay discovery, the Rules would contain such a provision, and finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation).

Therefore, the Court does not find good cause meriting a stay of discovery.

## IV.  CONCLUSION

Accordingly, the Motion to Stay Discovery (Dkt. No. 33) is DENIED.

Dated this 14th day of January, 2026.

Tana Lin
United States District Judge

---

[4] The Court does not consider the four-factor analysis Defendant presents for the first time in its reply (*see* Dkt. No. 36 at *2–4), to which Plaintiff had no opportunity to respond. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.")